Hennessey v. University of Kansas Hospital Authority. I know the appellants are going to split your time, I think, six minutes and five minutes. Is that correct? Oh, what is it? It's six and six. Okay. And just so you know, we typically will just put 15 minutes on the clock and then trust the lawyers to divide it up, but this morning I think it went this way, so we're delighted to have you. You may start. Yes, thank you, Your Honor. Your Honors, and may it please the Court, my name is Marybeth Beasley, and my co-counsel April Fortner and I represent Ms. Jametha Hennessey, and our co-advising attorney, Matt Cushing, is sitting at the table. In a few minutes, April will explain why the hospital authority is not an arm of the state. But first, I will address the preliminary issue of the hospital authority's burden to prove that it is an arm of the state and its failure to meet that burden. Every circuit to have addressed the issue has held that the party asserting to be an arm of the state entitled to sovereign immunity bears the burden of proving that entitlement. In Wisconsin Department of Corrections v. Schott, the United States sovereign immunity can be waived, it is structurally necessary for the burden to be on the party asserting to be entitled to it. Okay, Ms. Fortner, let me ask you something. Assuming that you're right about that, what about diversity jurisdiction? Doesn't the plaintiff have the burden of establishing diversity jurisdiction? Yes, Your Honor, the plaintiff does have the burden of diversity jurisdiction. However, the issues of diversity jurisdiction and sovereign immunity are separate, but they are related. Even though sovereign immunity does pertain to a court's jurisdiction over the matter, the court first has to determine whether there is otherwise jurisdiction, whether diversity otherwise exists. And then if the party claiming to have sovereign immunity raises it and proves it, then the court would lose jurisdiction. Well, let me play devil's advocate and ask you. So the plaintiff says, okay, I am coming into court and I am saying that the plaintiff is a citizen of Delaware and the defendant is a citizen of some state other than Delaware. And now here, the anomaly is whether or not the University of Kansas Hospital Authority is an arm of the state is a common denominator for both sovereign immunity and diversity jurisdiction. But the plaintiff can't establish diversity jurisdiction without establishing that the University of Kansas Hospital Authority is a citizen of some other state other than Delaware in that hypothetical. And so it seems to me that for purposes of diversity jurisdiction, showing that there is jurisdiction under 1332, the plaintiff has to show that the University of Kansas Hospital Authority is not an arm of the state in order to establish that it is a citizen of one of the other 49 states. Yes. So there's a couple things with this. One is that because the entity can waive sovereign immunity and states can waive it, it is necessary for jurisdiction to be able to otherwise exist, including diversity jurisdiction, where if the entity was not an arm of the state, they would be a citizen. So it's not the burden on the plaintiff to prove that they are not an arm of the state. It's the burden of the plaintiff to assert that they are a citizen of this different state than the plaintiff themselves. And then it is the burden of the defendant to prove that they are not a citizen because they are an arm of the state. And the hospital authority did not meet that burden. So the considerations of fairness further support the burden being on the defendant raising sovereign immunity as a defense. The arm of the state analysis in particularly or excuse me, in particular is a factually intensive inquiry. And those facts are particularly within the purview of the defendant that would be asserting to be an arm of the state. And in this motion to dismiss, the hospital authority did not assert any facts as to why it is an arm of the state, but rather relied on a statute that created the authority. Further at that point, it was they were raising it kind of as a secondary basis for their in their motion to dismiss. Yes. For lack of jurisdiction. At that point, were they just basing it off the face of the complaint? The district court ends up treating it more as a factual attack on jurisdiction, but I'm not sure that's what they intended it. Right. So the initial motion to dismiss did in the reply, the hospital authority did spend more time explaining the hospital or excuse me, the arm of the state immunity. And that is what the court focused on in dismissing it. And I believe that is because it has never been a dispute that there is diversity jurisdiction aside from the arm of the state inquiry. And that's where we really come down to our issue here. I understood your argument to be almost that I'm going a little over time. It's okay. It's okay. Was to be that basically they didn't even meet, the court never should have even considered their argument because they didn't meet their burden in the motion itself. At least that's what I understood your first argument to be. Yes. So the hospital authority did raise the issue, but they didn't meet their burden. And what other courts have done when the defendant doesn't provide enough information for the analysis, rather than attempt to do the analysis without the information, they tell the defendant, give me more information. Okay. But those cases, it's the district court that says, give me more information, right? Yes. Here, the district court stepped in and took on the role of an advocate essentially to sort of do the laboring or of examining the statute and looking at what information it could find. It didn't find everything. Agreed. Yes. And Miss Hennessey was proceeding pro se and was not allowed an opportunity to reply or further address the issue. I see my time is up. Thank you. Okay. Thank you. Your honors and may peace of court. My name is April Fortner. The heart of the arm of the state inquiry goes to whether the state of Kansas is going to be liable for a money judgment against the hospital authority. Here, we know it won't. Section 76-3309 B of the statutes expressly provides that the hospital authority is required to indemnify the state of Kansas against any losses or judgments against it. As a result, the state is not legally liable for any judgment that would be issued against the hospital authority. Well, that's not the only thing. It's not the only, but it's a very critical factor. So this court and the Supreme Court have both established that the most important consideration of the arm of the state test is whether the state is legally liable for a judgment against the entity. Well, I thought that the way the test worked was you have the steadfast factors. Yes. And you go through those. And if they point in different directions, then you have two additional factors, one of which is who pays. And that that of the two that come, if the steadfast factors point in different directions, that's a critical inquiry. But don't we first have to go through the steadfast factors? Yes, Your Honor. And so the steadfast factors are designed to help guide the decision based on the purposes that have been set out by the Supreme Court of Sovereign Unity. The Supreme Court has enumerated that the purposes of sovereign unity are to protect the dignity and financial solvency of the state. And that is why the finance factor, as said by this court in Grady, is the most important consideration of the factors considered in the Tenth Circuit and also in the Supreme Court in pass. And as we discussed in the brief, this case is extremely analogous to tackle. And in tackle, the test is indistinguishable from the test in the Tenth Circuit. The Seventh Circuit uses a nearly identical test. And the facts relevant to the autonomy and the characterization of the hospital authority also indicate, in addition to its finances, that it is not an arm of the state. What do you identify the facts regarding the characterization that support your position? So for characterization, you do a formalistic survey of the statute. And if the statutes aren't entirely clear, then you look at the function of the entity. And here, the statutes aren't entirely clear. They point in different directions, but the function of the entity is very clearly not a governmental function. It is a private function that can sometimes be carried out by the government, but it is not in itself inherently governmental. Don't they specifically say the exercise of statutory authority should be deemed and held to be the performance of an essential government function? They do say that. However, we do say in case law in tackle and case law in Baxter that that is not enough. Just saying something is one thing doesn't mean it actually is that thing. Well, they also say that they specifically have the duties, privileges, and immunities, rights, liabilities, and disabilities of the body, corporate, and political instrumentality of the state. I mean, characterization kind of, that factor tips against you, doesn't it? If you look at it, that particular section does, but another section expressly says that the hospital authority is not a state agency for purposes of the state leave reserve fund. It also says that the employees of the hospital authority are not state employees. But that's a different factor, right, under steadfast? Well, saying that they're not state employees goes to characterization, but being able to hire their own employees goes to autonomy. What about the fact they can't raise taxes? The fact that they raise taxes is a consideration, but it is not determinative. So the district court said that they can issue bonds, but they can't raise taxes, and those two cancel each other out, but I haven't found any other case law that supports that proposition. I think we have one, don't we? It says that if you can issue bonds, it's equivalent to being able, I mean, the idea, let me find it and I'll tell you it. I believe it's certainly a considerative, but it didn't say that they canceled each other out. Okay, but I mean, I guess in terms of the analysis, we have to go through each of the steadfast factors and look at what evidence we have for each factor. And here, all we have is the statute. We don't have any evidence, right? So we're piecing out piece by piece. I think if you do a deep look at the statutes, it really does make clear, because what they did in this case, again, like in tackles, they took something that was previously run by the government. They said, this isn't working. We need more independence and more autonomy for the hospital to be able to compete with the other hospitals in the area. And that is set out in the purposes in section 76-3302, subsections five through seven. It says we want this hospital to be the finest quality. We want it to be successful. And to do that, it needs to be more independent. It needs to be able to enter its own contracts. It needs to be able to, for example, it can buy land on its own. It can hire its own employees. It can engage in joint ventures. It can do all of these things without any form of state control, which the state, when entities that are actually the state, cannot do. Let me ask you this. Is this something we should decide on this record? Or should we say, you know, there needs to be evidence taken in the district court in order to adequately apply these steadfast factors and come to a conclusion about whether or not we have a state arm of the state? Yes, Your Honor. I think we can decide this on the record we have because the statutes make so clear that the hospital authority is extremely independent and that it's not financed or that the state is not financially liable for it. It's, again, extremely analogous to tackle. That court had the same kind of facts in front of it and was able to make the decision. If it's okay, if I may briefly conclude. Sure. So because the hospital authority is not an arm of the state based on the steadfast factors and because the hospital authority did not meet their burden to prove that they are an arm of the state, we respectfully request that the court reverse the decision of the court below. Thank you. Thank you. Thank you. We'll hear from the appellee. May it please the court. My name is Wes Smith on behalf of the University of Kansas Hospital Authority. And we would ask that the court affirm the judgment below because the district court correctly found that jurisdiction was not applicable here under diversity because this entity is a state entity. It is not a citizen of a state. And secondly... Was the lack of diversity jurisdiction a facial deficiency or a factual deficiency? Both. And so if you read the complaint on its face, you can tell viewing the allegations and the inferences and the like most favorable to the plaintiff that it was so one-sided that this was a state entity going through the steadfast factors, confining the universe of facts to the complaint and the allegations favorable to the plaintiff. I'll say that with regard to the allegations and the complaint, it helps take a step back and say this was actually originally filed in Wyandotte County State Court. And you keep saying, why does that matter? Well, because it goes to exactly why I don't think these arguments were fully flushed out perhaps in the original motion to dismiss. I'm not sure it has anything to do with the answer to my question though. I mean, under 12B-6, I don't know that... Are you saying that we view the allegations in a petition that is removed to federal court in a light different than if it had been filed originally in federal court? I'm saying, Your Honor, that if a plaintiff alleges that in a crazy hypothetical that a duck is a citizen of the state of Missouri, and I am suing that citizen, and the duck's learned counsel shows up and says, my client is a duck, it is not a citizen of any state, therefore there is no diversity jurisdiction, it is incumbent upon the plaintiff to prove otherwise. For a factual deficiency. For a factual deficiency. Okay. And so that's why I wanted to make sure if we're talking about a facial deficiency or a factual deficiency, did you argue in your motion to dismiss that there was a factual lack of diversity? We argued both facial deficiency, which can be corrected. In your motion to dismiss in district court? In the motion to dismiss in district court, we argued specifically that there was jurisdiction lacking because the entity is not a citizen of the state. And so the answer to that would have been no, correct? You argued that under the 11th Amendment that there was sovereign immunity under the 11th Amendment, right? If I look at your motion to dismiss, will I see any sentence that says that you're attacking the existence of diversity jurisdiction? I believe specifically it notes that both in the motion and in the reply, Your Honor, that the court lacks jurisdiction because the entity, the state entity, is not a citizen of the state of Kansas. And was that, Dr. Kucinich? Go ahead. I was just going to say, if you were the plaintiff, let's say counsel plaintiff, not a pro se plaintiff, would you have interpreted that as saying, OK, well, now I have to muster evidence to show under the steadfast factors because they said they had this one sentence in their motion to dismiss that there's no jurisdiction. And so now I know as a pro se plaintiff or a counsel plaintiff that I have to muster evidence about the steadfast factors that we have a factually deficient. And Judge McHugh hit the nail on the head. It is a factually vacuous situation. And the reason is that it clearly was not lacking on facial diversity. And so your fallback position is on factual deficiency on diversity. And there was no reason for the plaintiff to have mustered evidence because there was no plaintiff in the world that would have realized that they had to muster evidence to support the steadfast factors based on one sentence in your motion to dismiss. Well, to answer your question, Judge Baccarat, it's not just one sentence. It's a statute, the enacting statute of the state of Kansas that specifically says this entity is an instrumentality of the state of Kansas. That's what was cited. And we have a lot of case law that says they can say what they say. And we ultimately make a legal decision about whether it is or it isn't. You're absolutely correct, Judge McHugh. We're not bound by what the statute says. You're absolutely correct, Judge McHugh. And every circuit that has looked at this has said you have the burden of proof if you want to assert a sovereign immunity defense based on the fact that you claim to be an arm of the state. And you put on zero evidence in the district court, which puts us in a difficult position here. Well, can I interrupt on that? I guess my question is, what did you expect to happen after you filed that motion to dismiss, knowing that this was essentially a facial, or I'm sorry, a factual attack? Did you expect it? Did you ask for discovery? Did you ask for an evidentiary hearing? We did not ask for, no parties asked for an evidentiary hearing. And honestly, we filed a motion to dismiss thinking the plaintiff had accidentally filed in the wrong court. That's really what happened. Because it said Wyandotte County, Kansas. Yeah, and the court let them correct that. So that's no longer an issue here today. Correct. I'm just trying to explain our thinking or reasoning as far as what we were actually thinking. But I read the complaint and I see an allegation that the plaintiff is in Missouri and the defendant is in Kansas. That the defendant is a corporation of Kansas. Doing business in Kansas, right. And when we show up with a state statute that says, no, we are not a corporation, we are an entity of the state of Kansas. But my position is it's your burden. Yeah. And you know it's your burden. Well, I don't know if you know it's your burden because you didn't do anything in the district court. That's what I'm trying to get to. What did you expect to happen? Because I don't, did you expect the district court to, based on your allegations and your, you know, regarding the statute and your motion, to then not only talk about the statute, but kind of go off and kind of make some of his own factual findings with no evidence? There's a lot of questions on the burden. Let me address this by saying that this circuit has a long history of sua sponte looking at the 11th Amendment immunity. And I think that there is both history from the Supreme Court indicating that that is appropriate. And in this case, where someone files under IFP, the district court actually has a statutory obligation to look at that and to see if any of the claims asserted against, are against an entity that enjoys some sort of immunity. And with no evidence, just the statute itself. And that is one of the reasons why the other circuits that have looked at this have put the burden on the entity claiming to be an arm of the state to have sovereign immunity is all of the facts that you need are maintained by that entity. And what you do by trying to make the plaintiff have the burden is you do exactly what maybe years of discovery. I mean, you've got the facts. You've got the burden. Come in and prove it. Well, I think the district court specifically found that we did meet our burden. They assumed the burden, even though the 10th Circuit hasn't. Well, the district court didn't say you met your burden. The district court said, well, they didn't do it, so I'll try. Well, and they were statutorily obligated to do so. Yeah, but you keep saying that. Under 1915E2, the district court can summarily dismiss if there's an immune defendant. But Judge Belgren did not purport to invoke 28 U.S.C. 1915E2. That's correct. I think what is fundamental to this discussion, Judge McHugh, and your question as to the evidence presented, is something that Judge Baccarat, you previously described as the values of the higher order, or values of a higher order, that kind of go to 11th Amendment immunity, and immunity in general. In this circuit, this is explained expressly in a qualified immunity setting, where because immunity is not only just going to the dignity of the state official, but also alleviating the burdens of litigation. This is an immunity to litigation, not just liability. It doesn't excuse you from showing that you're entitled to be under the umbrella of sovereign immunity at all. I mean, not everybody gets sovereign immunity. That's correct, Your Honor. And I think the distinction is, similar to how the circuit utilizes qualified immunity, I think it is reasonable to assert that a defendant is entitled to 11th Amendment immunity, and that burden should shift to the plaintiffs to show- When we have cases, for example, where you have private prisons, and you have people that are working in a prison that aren't necessarily employed by the state, you'll see a lot of cases where the burden is on them to say, I get to step under this immunity doctrine. And the distinction I would make with a private entity, Your Honor, would be, in this case, we have a state statute declaring the entity to be an instrumentality of the state. Steadfast factors, is that enough? Under the circuit's precedent as to qualified immunity, yes, because there is specifically a deference to state officials showing up and saying, I am entitled to qualified immunity, that effectively shifts the burden over to the plaintiff to disprove that. I would submit that that's the appropriate analysis- What case do you point to that says that, unlike every other circuit that's looked at it, the Tenth Circuit puts the burden on the plaintiff to prove you have sovereign immunity? I have no Tenth Circuit case to show that it puts the burden on them. I think what I'm trying to articulate for you is that asserting the defense, the immunity defense, furthers this interest of the state as far as both promoting its dignity and not being subjugated to federal court by citizens of various other states. If you qualify for sovereign immunity, those are the reasons that we allow you to exercise it. But the predicate question is, do you or do you not have sovereign immunity? And that we have a test that we apply. It's what I call the steadfast factors plus two. And there was no attempt in the district court to walk through that analysis. I would submit that, and as appellants agree, that the statutes alone are sufficient to determine this issue. Just as the Supreme Court did in Mount Healthy, it looked at the state statute to say, how does Ohio characterize the school board? Is it a municipality? Is it a county? Or is it more like the state? And that's the fundamental question we're trying to answer here. And if we disagree with you, and the district court apparently disagreed because it was very specific that you'd only asserted in one paragraph, based on statutory authority, that you had 11th Amendment immunity. And then he said, as a result, the court is left with the task of analyzing the four-factor test. And then he proceeds to do it. Wouldn't the answer have been for Judge Melgren to simply say, yeah, I got one paragraph here, and I'm supposed to apply a four-factor test, and they haven't given me anything, so I'm going to deny the motion. Under the circumstances- Present. That was certainly an option. And I could see, in certain circumstances, where you have an entity where there is not a sufficient statutory scheme laid out that is available for judicial notice, where you can look at it and see, hey, the state says this thing is an arm of the state. The state says it's also immune. The state says the governor gets to appoint all the members. And it defines its scope of existence and can even cease its existence. And that it incorporates the entirety of the state, and it's for the benefit of all Kansas citizens. When those facts are present, I think Judge Melgren was absolutely correct in saying, like Sturtevant, if I'm saying that correctly, the financial factor doesn't control. Because we're not just looking at- Well, let me ask you this. What if we look at the statute, and we don't agree with the district court, and we think there's provisions of it that point one way, and provisions that point another way? And so we come up and we say it is not clear from the statute. We have zero evidence on the financial factor because nothing was presented. Then aren't we exactly where Judge Moritz said, where we say we reverse because it should have been denied? I'm not sure we remand for- I mean, I guess you can always bring this motion again in the district court. But I mean, I think you had your shot on this motion. Well, I'd answer that with two issues, Your Honor. Specifically, the only factual issue that appellants are asserting is deficient, and that Judge Melgren found, was the specifics as to the financial details. The most important factor that he said. Well, and I will counter that and say that Hess focused on that factor solely because that value of higher order regarding the state dignity didn't apply in that case. Because that was a tri- or bi-state compact entity that Congress authorized. And it specifically said, we're not talking about state sovereignty and state dignity here because they've willingly entered into this other kind of realm. Here is very different. We've got a state that's specifically asserting that the entity is immune and that it is a part of the state. So the values that you're tying of higher order that you're trying to analyze here, both the dignity of the state and deferring to how the state wants to organize itself. Both, number two, also avoiding the burdens of litigation on state entities, just like you would state officials. And then also the financial solvency. So while it is absolutely a factor, as articulated by the Supreme Court, the financial solvency of the entity, I disagree that it's the sole or most important one. Or you have the other. So it's not that big a deal. We've got the statutes. OK, there's this other factor, financial factor, Hiss, whatever. No biggie. Let's go forward with what we have. Without any opportunity for the plaintiff to muster evidence that the financial consideration does weigh in favor of or against sovereign immunity. I see that I'm out of time, but I'll answer the Court's question if I can. Specifically, as far as the mustering of evidence, and Pelley's talked about this, this agency or this entity is subject to the Kansas Open Records Act. And these are publicly available documents. So this isn't an entity that's squirreling away or hiding corporate documents that you can't get access to. Every Kansas citizen can file a request to that effect. And as far as the chance to marshal that evidence, to attack that, she absolutely had the opportunity to do so, absolutely had the opportunity to request discovery. And I would... How would that have happened? She could ask for the district court to do so, basically. Well, I mean, the district court recognized that it essentially was your burden. The district court set on the financial factor. This factor is difficult for the court to analyze because the hospital hasn't submitted any evidence to the court regarding its finances. You haven't submitted the evidence. And then it says, but you know what, I'm going to talk about it anyway. And it assumes some things which aren't in evidence. So, I mean, we've got a real problem here with what the district court did on a factual inquiry. I'd say the district court's inquiry... I don't know how you can push this over to the plaintiff here. I would say that the district court's inquiry was based on the statutes. And that's... It was not based on the statute. The court recognized that it was a four-factor test. It specifically talked about evidence that it didn't have, that it probably needed to have, you know, it was having trouble applying the test, which should have been assigned probably. But in any event, my point is it wasn't based on the statute. And as far as... It was an attempt to make a factual inquiry without any facts. And as far as the financial issue specifically, that's what the district court referred to as far as the statute's cut both ways and I don't have enough evidence to decide this issue specifically. That's exactly what the Tenth Circuit approved in Sturtevant in saying, when all the other factors go towards those values of higher order, you don't need a full factual record because that actually furthers this avoidance of the burden of litigation which immunity is supposed to advance. You're not talking about Sturtevant versus fine, are you? Versus Paulson. Okay. Yeah. And as one portion as to the financial issues, I think is key and relevant here to distinguish it from TACL and some of the other cases is that specifically we have in Kansas statute definitions of state under the Tort Claims Act to include instrumentalities like this entity here and municipalities or counties defined as taxing authorities basically. So you have specific definitions in state law that you can look to and say, hey, does this entity look more like a state under the Tort Claims Act or a county or municipality? That's not part of the analysis below, is it? As far as the financial factor. The district court. I mean, these are nice arguments, but they weren't made to the district court. As far as the district court's concerned, it looked at the financial factors and voted and noted specifically that some cut one way, some cut the other. Specifically as to the taxing authority, it noted that this is something under Sturdivant has shown to be indicative of something or an entity more like an arm of the state as opposed to a municipal entity that can and does tax as defined under Kansas law. I would submit that you look at Kansas law specifically and that defines the issue. Well, it is one of the factors we look at is how it's treated in Kansas law and neither party cited us any cases from Kansas. And yet there do exist cases from Kansas discussing these entities. Sometimes as a defendant, sometimes as a plaintiff. These are all things that would have probably happened if this were fully explored in the district court. One correction on that point, Your Honor. I believe on page 90 of the Record of Appeal, we specifically cited the Kansas Court of Appeals saying specifically that this entity is an instrumentality of the state. But in that opinion, it cites a case that actually is referring to the hospital before the statute was enacted. So it's really not particularly helpful. Citing the prior case, but also the present statute. And I know I'm well over time, but I'm happy to answer any more questions that you have. All right, thank you. In conclusion, I ask the order be affirmed and thank the court for its time. All right, thank you. I will hear from the felon. Thank you. So with respect to whether citing a statute is sufficient to meet their burden, we know from Rossview, Colorado Department of Transportation that it is not. And it gives it no context. So citing a statute is not sufficient to meet the burden. Further, I would like to quickly address the steadfast factors. And in particular, with respect to Sturdivant and how it used those factors. In Sturdivant, the court did not consider the legal liability portion of the finance factor from the steadfast test because it couldn't figure it out. That is not the case here, given that we have a statute that expressly says that the hospital authority is required to indemnify the state of Kansas for any losses. So it's extremely distinguishable in that situation. Further, an important consideration from the steadfast test is the level of autonomy that the hospital authority has in its day-to-day operations. And this court in Sykinga, this court in other cases, and the Supreme Court, has said that day-to-day operations are the key to autonomy. And as discussed in Tackle, there may be strings that tie an entity to the state when the state decides to spin off what was previously run by the government to a private entity to take over control. And those strings don't equal state control. And in this case, there is no state control because the hospital authority can enter into contracts. It can sue or be sued. We know all of this just from the statutes in Section 76-3308. 3303 tells us that employees are not state employees. And I would like to address the fact that the board is appointed by the governor, but it's appointed by the governor from members of the general public. And that was a deciding factor in Tackle. That was a key piece of information. And that the Supreme Court itself has said that the power to appoint is not the power to control. And here, the governor may be able to appoint members to the board. However, they cannot remove them. Only the board can remove members of the board. So it is autonomous from the governor. So in conclusion, we would ask this court to reverse the holding of the court below, find that the hospital authority is not an arm of the state, and the alternative, reverse for a failure of the hospital authority to meet their burden. Let me ask you a question that is maybe a companion or a related question to something that Judge McHugh had asked you during your first presentation. And it's going to, unfortunately, may be a long-winded question. But with diversity, you've agreed, don't you, that this is something that we have to, even if nobody had raised it, that we would have to ensure that the district court had diversity jurisdiction? The district court can raise jurisdiction. Yes, it does have to ensure jurisdiction. But in a case like this where the entity is not clearly the state, sovereign immunity isn't. Yeah, I'm not talking about sovereign immunity now. I'm just saying under 1332, if we read an appeal brief and we see that this is a state law claim and the plaintiff is from Delaware and is a citizen of Delaware and the defendant is a citizen of Delaware, we are not only authorized, but aren't we obligated to say, wait a minute, the district court has exceeded its authority under Article III and there is no diversity jurisdiction, right? Yes, Your Honor. But here we have a situation where the plaintiff is a citizen of Missouri and the entity is a Kansas citizen. I got you. I got you. So my next question, though, is that is a fact-intensive question, is it not, whether or not they are, you know, satisfies the steadfast factors, whether the state is financially responsible, et cetera. All of these are fact-intensive questions. And one of the things that we were hammering your adversary about was whether or not you had an opportunity to muster evidence because these are such fact-intensive questions, right? It is a fact-intensive question, but the two-step process is to establish diversity of jurisdiction on its face where we have citizens of two different states and the amount of controversy is met, and here we did that, and then the burden goes to the defendant if they want to assert the affirmative defense of sovereign immunity. Right. But, okay, but let's say we don't draw that distinction with diversity of jurisdiction and we look at it maybe too simplistically that, well, if a plaintiff has the obligation to allege and prove diversity of jurisdiction, and in this case, whether or not the University of Kansas Hospital Authority is a citizen of Kansas or not a citizen of any of the 50 states is a fact-intensive question that we have to look at for purposes of the district court's authority to act. Let's just say we look at it from that simple-minded prism. My question is, why shouldn't we or should we remand for the district court for fact finding to determine whether or not, under the steadfast factors, there is diversity of jurisdiction or not? One of the undercurrents of a lot of the questions that everybody has been asking both sides is, these are all very fact-intensive questions. Nobody had really presented any of this to Judge Melgrin, and he looked at the statutes. He didn't look at any of the facts because he didn't have any of the facts. And should we just do that? Should we just say, we're going to vacate what the district court did. Judge Melgrin, we're going to remand to you for jurisdictional fact finding and you all can present all of the evidence that you all have bombarded us with. Had you presented that to Judge Melgrin and district court fact finders were not? I think here that there's enough with just the statutes to find under the steadfast factors that the entity is not an arm of the state. And for reasons of judicial expediency, it would be beneficial, especially since the further proceedings, for this court to make the determination for the district court. And that's what other cases have done when they've looked at the situation. You know, tackle, steadfast. It was all decided on motion to dismiss. And they looked at the information in the record below, which is similar to what we have here and made the decision. Okay, thank you. I was just curious about that.  All right, thank you. This matter will be submitted.